United States District Court
Southern District of Texas
**ENTERED**
January 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS ANTONIO MENENDEZ, | § | |
| TDCJ #1771850, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-2605 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND OPINION

The petitioner, Louis Antonio Menendez, also known as Luis Antonio Menendez,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that has resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The respondent, William Stephens, has filed a Motion for Summary Judgment With Brief in Support ("MSJ") (Docket Entry No. 12), arguing that Menendez's claims are barred from federal review by the doctrine of procedural default. Menendez has filed

_____

[1]The Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") identifies the petitioner as "Louis Antonio Menendez" (Docket Entry No. 1). All of the state court records, however, identify him as "Luis Antonio Menendez" (Docket Entry Nos. 14-15).

Petitioner's Response to Respondent's Motion for Summary Judgment With Brief in Support ("Response") (Docket Entry No. 17). After considering all of the pleadings, the state court records, and the applicable law, the court will grant the respondent's MSJ and will dismiss this action for the reasons explained below.

## I.   Background

A grand jury in Montgomery County, Texas, returned an indictment against Menendez in cause number 09-02-01422-CR, charging Menendez and a co-defendant (Luis Rivera) with capital murder for killing Pedro Rodriguez during the course of an aggravated robbery.[2]   A jury in the 221st District Court of Montgomery County found Menendez guilty as charged of capital murder as alleged in the indictment.[3]   The trial court assessed punishment at life without parole in TDCJ.[4]

Menendez raised eleven issues on direct appeal, arguing that the trial court committed the following errors:  (1) allowing the State to strike Juror No. 10 in violation of Batson v. Kentucky, 106 S. Ct. 1712 (1986); (2) allowing the State to strike Juror No. 20 in violation of Batson; (3) admitting an unadjudicated extraneous offense in violation of Rule 401 of the Texas Rules of

---

[2]Indictment, Docket Entry No. 14-2, p. 11.

[3]Verdict of the Jury, Docket Entry No. 14-2, p. 136.

[4]Judgment of Conviction by Jury, Docket Entry No. 14-2, p. 141.

Evidence; (4) admitting an unadjudicated extraneous offense in violation of Rule 404(b) of the Texas Rules of Evidence; (5) admitting an unadjudicated extraneous offense in violation of Rule 403 of the Texas Rules of Evidence; (6) excluding his expert on mental retardation; (7) sua sponte dismissing Juror No. 38; (8) denying his strike for cause against Juror No. 17; (9) unfairly limiting the time for voir dire; (10) not allowing him to ask permissible commitment questions to enable strikes for cause; and (11) denying his request for a jury instruction on the lesser included offense of robbery.[5]

The intermediate court of appeals rejected all of Menendez's arguments and affirmed the conviction after briefly summarizing the facts of the offense:

> J.G. and P.R. agreed to give Luis Rivera, a stranger, a ride home from a restaurant. Rivera asked J.G. to stop by a bar. Later, the three men went to the trailer park where Rivera lived. Menendez was there. The four men talked and drank beer.
>
> When J.G. and P.R. were leaving, Rivera asked them to give him a ride to a nearby store so he could purchase cigarettes. Menendez indicated he wanted to go along. J.G. drove the vehicle, and P.R. rode in the front passenger seat. Menendez sat in the backseat behind J.G., and Rivera sat behind P.R. The store was closed. Rivera and Menendez told J.G. of another store they could go to. They directed J.G. to a dark, isolated road. Menendez told J.G. to stop the vehicle. Rivera pulled a gun and demanded money. Rivera shot P.R. in the head. P.R. slumped forward. J.G. heard Menendez yell, "Now I drive[.]" J.G. escaped.
>
> J.G. showed police the location of the shooting and the police located the vehicle. P.R. was slumped over in

---

[5]Appellant's Brief, Docket Entry No. 14-3, pp. 2-3.

the front passenger seat.  J.G. identified Menendez and Rivera in a photo lineup.  A palm print from the vehicle confirmed Menendez had been in the vehicle.  The handgun was later discovered in Menendez's wife's bedroom.  The State charged that Menendez was a party to or conspired to commit capital murder.  Menendez argued at trial that he did not know that Rivera intended to rob and kill J.G. that night.

Seven days prior to the murder, Menendez and Rivera had asked another man, E.F., for a ride from the same bar.  E.F. testified in this case.  He explained he did not know the men, but agreed to give them a ride.  Rivera and Menendez directed E.F. to a dark area where there were "lots of trees" and robbed him.  Menendez got into the driver's seat and began driving, while Rivera held E.F. at gunpoint.  The men told E.F. they were going to kill him.  E.F. struggled with them and escaped.

Menendez v. State, No. 09-12-00102-CR, 2013 WL 3355744 (Tex. App. — Beaumont June 26, 2013).

Thereafter, Menendez filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals.[6] In that Petition Menendez raised only his Batson claims and his argument that the trial court erred by denying him the opportunity to ask permissible commitment questions during voir dire.[7]  The Texas Court of Criminal Appeals refused Menendez's Petition without a written opinion.  See Menendez v. State, PDR No. 1003-13 (Tex. Crim. App. Sept. 11, 2013).[8]

---

[6]Petition for Discretionary Review, Docket Entry No. 14-27, pp. 1-37.

[7]Id. at 2.

[8]See Texas Court of Criminal Appeals website located at http://www.search.txcourts.gov (last visited January 27, 2016).

Menendez challenged his conviction further by filing an Application for a Writ of Habeas Corpus under Article 11.07 of the Texas Code of Criminal Procedure.[9]   In his Application Menendez argued that he was entitled to relief from his conviction because he was denied the right to effective assistance of counsel at trial and during his direct appeal.[10]   After considering affidavits from his trial and appellate counsel, the state habeas corpus court entered findings of fact and concluded that Menendez was not entitled to relief.[11]   The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[12]

Menendez has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge his state court conviction for capital murder.[13]   In this Petition Menendez argues that the evidence was legally and factually insufficient to sustain the conviction and that the trial court erred by allowing evidence of an unadjudicated extraneous offense in violation of Rule 404(b) of the Texas Rules of Evidence.[14]   Noting that Menendez did not

---

[9]Application, Docket Entry No. 15-3, pp. 5-22.

[10]Id. at 10-16.

[11]Findings of Fact and Conclusions of Law, Docket Entry No. 16-4, pp. 48-51.

[12]Action Taken, Writ No. 83,449-01, Docket Entry No. 15-1, p. 1.

[13]Petition, Docket Entry No. 1.

[14]Id. at 6.

raise these claims before the Texas Court of Criminal Appeals, the respondent has filed a Motion for Summary Judgment, arguing that the claims are unexhausted and barred from federal review by the doctrine of procedural default.[15]

## II.  Discussion

### A.   Doctrine of Exhaustion

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995); see also O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

To satisfy the exhaustion requirement a Texas petitioner must fairly present his claims to the highest court of the state, the Texas Court of Criminal Appeals, in a procedurally correct manner.

---

[15]MSJ, Docket Entry No. 12.

-6-

See <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted).   In Texas a criminal defendant may present his claims to the Texas Court of Criminal Appeals in two ways:  He may file a direct appeal followed by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  <u>See</u> TEX. CODE CRIM. PROC. art. 11.07 § 3(c); <u>see also</u> <u>Busby v. Dretke</u>, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The record confirms that Menendez did not raise a challenge to the sufficiency of the evidence on direct appeal, where such claims are required to be presented.  <u>See</u> <u>Ex parte Williams</u>, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986) ("It has long been the general rule that the sufficiency of the evidence cannot be attacked collaterally.") (citations omitted); <u>see also</u> <u>West v. Johnson</u>, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) (observing that, in Texas, the sufficiency of the evidence may only be challenged on direct appeal and may not be raised on state habeas review).  As a record-based claim, Menendez was also required to challenge the admission of an extraneous offense on direct appeal.  <u>See</u> <u>Ex parte Gardner</u>, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996).  Although Menendez raised

-7-

a claim concerning the admission of an extraneous offense on direct appeal, he did not include that claim in his Petition for Discretionary Review.  Because Menendez did not present these claims to the Texas Court of Criminal Appeals before seeking federal habeas corpus review, they are not exhausted.

**B.   Doctrine of Procedural Default**

A petitioner who bypasses the appellate processes of his state has committed a procedural default that is sufficient to bar federal habeas review unless he can demonstrate "cause and prejudice or show that the failure to consider his claims will 'result in a fundamental miscarriage of justice.'"  Deters, 985 F.2d at 795 (quoting Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991)).

As cause for his procedural default, Menendez blames his appellate counsel for failing to raise his claims on direct appeal followed by a Petition for Discretionary Review.[16]  Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default.  See Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000) (citation omitted).  "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  Id. "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is

_____

[16]Response, Docket Entry No. 17, p. 3.

-8-

itself an independent constitutional claim." Id. (emphasis in original).

A claim of ineffective assistance on appeal is governed by the test set out in Strickland v. Washington, 104 S. Ct. 2052 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. Smith v. Robbins, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 104 S. Ct. at 2068. That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Harrington v. Richter, 131 S. Ct. 770, 791 (2011)).

Menendez was represented on appeal by local criminal defense attorney Rob Morrow.[17] Menendez does not raise an ineffective-assistance claim concerning Morrow's representation in his federal

_____

[17]Appellant's Brief, Docket Entry No. 14-3, p. 1.

habeas Petition, although he did make such a claim on state habeas review.[18]  In his affidavit to the state habeas corpus court, Morrow explained that he thoroughly reviewed the record and identified a total of 25 "potentially arguable" points of error.[19]  After "much research and examination of the record," Morrow ultimately selected 11 of the strongest points of error to include in the Appellate Brief,[20] which exceeded 70 pages in length.[21]  Morrow noted, in particular, that he did not raise a challenge to the sufficiency of the evidence because it was "clear" that Menendez would not prevail on such a claim in light of the evidence against him.[22]

Menendez does not allege facts showing that Morrow's evaluation of the record or his decision to pursue only the strongest claims on appeal was objectively unreasonable for purposes of making a claim under <u>Strickland</u>.  The Supreme Court has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  <u>Robbins</u>, 120 S. Ct. at 765 (citation omitted).  Indeed, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence

---

[18]Application, Docket Entry No. 15-3, pp. 14-16.

[19]Affidavit, Docket Entry No. 15-4, p. 26.

[20]<u>Id.</u>

[21]Appellant's Brief, Docket Entry No. 14-3, pp. 1-78.

[22]Affidavit, Docket Entry No. 15-4, pp. 26-27.

of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 106 S. Ct. 2661, 2667 (1986) (quoting Jones v. Barnes, 103 S. Ct. 3308, 3312-13 (1983)).

Because the conclusory allegations made by Menendez do not demonstrate that any particular nonfrivolous issue was clearly stronger than the issues Morrow chose to present on direct appeal or in the Petition for Discretionary Review, they are not sufficient to establish that Morrow was deficient. See Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (making "clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding") (citations omitted).

Moreover, Menendez makes no attempt to demonstrate that the evidence was insufficient to support his conviction or that the trial court erred by admitting an unadjudicated offense. Even if the court were to assume deficient performance, Menendez does not demonstrate a reasonable probability that he would have prevailed on his appeal if Morrow had raised these claims in both the Appellate Brief and the Petition for Discretionary Review. Because Menendez does not demonstrate the requisite prejudice, he fails to show that he was denied effective assistance of counsel on appeal. Robbins, 120 S. Ct. at 764.

Absent a viable ineffective-assistance claim, Menendez does not establish cause or actual prejudice for purposes of overcoming his procedural default. Menendez has not otherwise demonstrated

-11-

that a fundamental miscarriage of justice will result in this case. In that regard, Menendez does not allege facts showing that he is actually innocent.   Absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will occur, the claims presented by Menendez are barred from federal review by the doctrine of procedural default, and his Petition must be dismissed.

### III.   <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).   Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).   Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find that the court's procedural ruling was debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   Conclusion and Order

The court **ORDERS** as follows:

1.   Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Louis Antonio Menendez (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 29th day of January, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE